UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BRUCE EDWARD LAWSON, )
) No. 1:07-cv-199/1:04-cr-137
v. ) *Judge Edgar*
)
UNITED STATES OF AMERICA, )
)

## MEMORANDUM

Bruce Edward Lawson ("Lawson") has filed a *pro se* motion and amended motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Criminal Court File Nos. 52 & 55).[1] He contends that his judgment of conviction and sentence should be vacated because he was denied his constitutional right to the effective assistance of counsel.

The government has filed its response in opposition (Criminal Court File No. 61). After reviewing the record and the applicable law, the Court concludes that the § 2255 motion and amended motion are without merit and will be **DENIED** for the reasons set forth herein (Criminal Court File Nos. 52 & 55).

**I.    Standard of Review**

A sentence in a criminal case must be vacated if the Court makes a finding "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255(b)

---

[1]     Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

1

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994).

An evidentiary hearing is unnecessary if there are no material issues of fact in dispute or if the record conclusively demonstrates the movant is not entitled to relief under § 2255. An evidentiary hearing is not required if the movant's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact. *Amr v. United States*, 280 Fed. Appx. 480,485 (6th Cir. 2008), *available at* 2008 WL 2246367; *Valentine v. United States*, 488 F.3d 325 (6th Cir. 2007). The movant bears the burden of articulating sufficient facts to state a viable claim for relief under 28 U.S.C. § 2255. Mere vague conclusions, which are not substantiated by allegations of specific facts with some probability of verity, are not enough to warrant an evidentiary hearing. *Green v. Wingo*, 454 F.2d 52,53 (6th Cir. 1972; *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the record whether an evidentiary hearing is required. If no hearing is required, the district judge is to dispose of the case as justice dictates. The Court finds it unnecessary to hold an evidentiary hearing in the present case.

## II. Procedural Background

Lawson pleaded guilty on January 6, 2005, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One) and one count of possessing with intent

to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count Two) (Court File No. 2 (Indictment). Lawson entered his plea without a plea agreement but he reserved the right to appeal the denial of his motion to suppress (Criminal Court File Nos. 31 (Notice of Intent to Plead Guilty), & 33(Change of Plea Minute Entry)). The Court sentenced Lawson to 120 months on Count One and 60 months on Count Two, to run concurrent (Criminal Court File No. 39). His conviction was affirmed on direct appeal. *United States v. Lawson*, No. 05-5598, 2006 WL 1538889 (6th Cir. June 5, 2006), *cert. denied*, 127 S.Ct. 420 (2006).

Lawson, having already gone through the appellate process, alleges his sentence is unconstitutional because he received ineffective assistance of counsel. He specifically alleges counsel was ineffective when: (1) he gave him false information, i.e., "actual misrepresentation as to a "proposition" for a light sentence"; (2) he failed to challenged the Court's use of state convictions for controlled substances to enhance his sentence; (3) he failed to move to dismiss the indictment on the basis that his right to a speedy trial had been violated; and (4) he failed to challenge the search warrant on the basis of ambiguity.

## III.  Factual Background

The following pertinent facts are taken from "The Offense Conduct" section of the Presentence Investigation Report ("PSR") prepared by the United States Probation Office:

> 6.  In the summer of 2003, detectives with the Bradley County Sheriff's department were investigating a series of burglaries of homes under construction. In September 2003, detectives acted upon a lead and information that Bruce Lawson had been responsible for at least one of the burglaries. Mr. Lawson had prior felony convictions involving possession and distribution of marijuana. Detectives obtained a search warrant for Mr. Lawson's residence on Bromley Road on September 19, 2003.
>
> 7.  Mr. Lawson was not home at the time of the search and was later arrested.

> Upon searching the residence, officers located approximately <u>one pound of marijuana</u> and a set of scales in the living room. A detective found a <u>loaded 12-gauge Mossberg shotgun</u> hidden in an air vent in the living room. In the pocket of a jacket hanging in a closet, a detective found about <u>one quarter pound of marijuana</u>. Another <u>quarter of marijuana</u> was found in a bowl in the kitchen cabinet. Inside an unfinished wall in a back room of the residence, a detective found another <u>pound of marijuana</u> and three sets of digital scales were located in another room. A total of approximately **2.5 pounds of marijuana (1.134 KG)** was recovered from the residence. No laboratory report has been made available.
>
> 8. Also recovered at the time of the search were building materials, fixtures and property stolen from at least three different homes under construction. Mr. Lawson was using the materials to improve his own residence.

(PSI) (emphasis in original).

## IV. Analysis-Ineffective Assistance of Counsel

Lawson raises several alleged instances of ineffective assistance of counsel. Lawson's first alleged instance of ineffective assistance of counsel is virtually indecipherable–he is entitled to a hearing on the voluntariness of his guilty plea based on counsel's "actual misrepresentation as to a "proposition" for a light sentence." Lawson also claims counsel failed to challenge the enhancement of his sentence with state convictions; pursue his speedy trial rights; and challenge the search warrant on the ground that it was ambiguous.

The Court will address each alleged instance of ineffective assistance of counsel after discussing the applicable law.

### 1. Applicable Law

In order to demonstrate ineffective assistance of counsel, Lawson must not only show his attorney's representation fell below the standard of competence demanded of attorneys in criminal cases, but also, that there is a reasonable probability, but for the attorney's alleged unprofessional errors, the result of the proceeding would have been different. In *Strickland v. Washington*, 466 U.S.

668 (1984), the Supreme Court established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious.

To establish his attorney was not performing within the range of competence demanded of attorneys in criminal cases, the defendant must demonstrate that the attorney's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. at 687-88; *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The *Strickland* test requires that a defendant demonstrate two essential elements: (1) counsel's performance was deficient, i.e., counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense, i.e., deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id*. at 687-88; *McQueen v. Scroggy*, 99 F.3d 1302, 1310-11 (6th Cir. 1996); *Sims v. Livesay*, 970 F.2d 1575, 1579-81 (6th Cir. 1992). *See also Flippins v. United States*, 808 F.2d 16, 17-18 (6th Cir.), *cert. denied*, 481 U.S. 1056 (1987). As the Sixth Circuit explained in *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992), *cert. denied*, 508 U.S. 975 (1993):

"Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *West v. Seabold*, 73 F.3d 81, 84 (6th Cir.), *cert. denied*, 116 S.Ct. 2569 (1996). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West,* 73 F.3d at 84 (quoting *Strickland*, 466 at 691). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Sims*, 970 F.2d at 1579-80.

The Court cannot indulge in hindsight, but must instead evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. *Strickland*, 466 U.S. at 690; *McQueen*, 99 F.3d at 1311. Trial counsel's tactical decisions are particularly difficult to attack. *McQueen*, 99 F.3d at 1311; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). A defendant's challenge to such decisions must overcome a presumption that the challenged actions might be considered sound trial strategy. *McQueen*, 99 F.3d at 1311; *O'Hara*, 24 F.3d at 828. The Court must make an independent judicial evaluation of counsel's performance, and determine whether counsel acted reasonably under all the circumstances. *McQueen*, 99 F.3d at 1311; *O'Hara*, 24 F.3d at 828; *Ward v. United States*, 995 F.2d 1317, 1321-22 (6th Cir. 1993); *Sims*, 970 F.2d at 1580-81.

### A. *False Information by Counsel*

Lawson claims he is entitled to a hearing on the voluntariness of his guilty plea based on his allegation of "actual misrepresentation as to a "proposition" for a light sentence." (Criminal Court File No. 55).

Contrary to the express directions of Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, Lawson's claim does not "state the facts supporting [this] ground" of ineffective assistance of counsel. Lawson does not provide any factual support for this assertion, thus the Court is unable to determine what alleged misrepresentations were made by counsel to Lawson. Nor is the Court able to discern what Lawson means by "a proposition for a light sentence." Consequently, Lawson has failed to set forth a legally sufficient claim for relief because he has omitted the factual support for his claim. This claim does not contain sufficient facts to constitute a viable claim for relief in a federal habeas court.

Accordingly, this claim of ineffective assistance of counsel, which is facially insufficient to state a claim for relief, will be is summarily **DENIED** for failure to comply with Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See Sloan v. United States*, 2006 WL 686875 (E.D. Tenn. March 16, 2006);*United States v. Vega*, 2006 WL 1699530 (W.D. Tenn. June 15, 2006); and *United States v. Butt*, 731 F.2d 75, 77 (1st Cir. 1984).[2]

### B. Failure to Challenge Enhancement of Sentence With State Convictions

Lawson contends counsel was ineffective for failing to challenge the use of state controlled substance convictions which were used as predicate offenses to enhance his federal sentence under United States Sentencing Guidelines ("USSG") § 4B1.1.

A "career offender" is defined in the Guidelines as follows:

(a) A defendant is a career offender if (1) the defendant was a least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a *controlled substance offense*; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a) (emphasis added). Note 1 of the Commentary to § 4B1.1 states that a "controlled substance offense" is defined in USSG § 4B1.2, which provides that a "controlled substance offense" is "an offense under federal or state law, punishable by *imprisonment for a term exceeding one year*, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled

---

[2] Notably, the rearraignment transcript reflects Lawson was advised of the statutory maximum penalties he was facing in this case as a result of his guilty plea and he indicated he understood the penalties he was facing and nevertheless, wished to plead guilty (Criminal Court File No.37, pp. 10-12). Therefore, even if Lawson received inaccurate information regarding the sentence he was facing during his pre-plea discussions with counsel, the Court provided him with the correct sentencing information at the time of his pleas and he acknowledged he understood the penalties which he was facing and he still wished to plead guilty. Thus, even assuming counsel was deficient in his advice, Lawson suffered no prejudice.

substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b) (emphasis added).

The PSI reflects Lawson pleaded guilty on two occasions to selling and delivering schedule VI drugs and was sentenced on each felony drug conviction to imprisonment for two years. On both occasions he was represented by counsel (PSI p. 8). Lawson's reliance on *Salinas v. United States*, 547 U.S. 188 (2006) is misplaced. In *Salinas*, the Supreme Court concluded the Fifth Circuit erred when they treated the defendant's prior conviction for simple possession of a controlled substance as a "controlled substance offense" within the meaning of the career offender Sentencing Guidelines because § 4B1.2(b) requires the possession must include the intent to manufacture, import, export, distribute, or dispense. *Id.*

Here, Lawson's convictions are felony controlled substance convictions for *selling and delivering* schedule VI drugs, not for simple possession. Therefore, these convictions properly qualify as predicate convictions, Lawson was properly classified as a career offender, and his guidelines were properly calculated. Consequently, counsel could not have made a valid objection. Counsel's failure to raise a meritless objection is not deficient performance. Accordingly, Lawson has failed to satisfy either prong of the *Strickland* test, and he is not entitled to relief on this claim.

### C.      *Violation of Speedy Trial Act*

Relying primarily on *Zedner v. United States*, 547 U.S. 489 (2006), Lawson alleges a violation of the Speedy Trial Act occurred in his case and counsel was deficient for failing to move to dismiss the indictment. *Zedner* dealt with a very different issue than the one presented here. In *Zedner*, the defendant, utilizing a form prepared by the district court, agreed midway through the

8

case to "waive" his rights under the Speedy Trial Act "for all time." *Id.* at 493-94. In addition, the district court did not make any findings supporting the exclusion of time under the "ends of justice" or any other exception. *Id* at. 494-95. Thus, Lawson's reliance is misplaced as *Zedner* involved the opting out of the Speedy Trial Act through a blanket prospective waiver, which the Supreme Court concluded a district court cannot do because of the public's interest in a speedy trial; it did not involve the exclusion of time by observing the procedural requirements of the Act which is what we have here. *Zedner* and the plain language of the Act, as well as other case law, permits time to be excluded.

Lawson claims counsel was ineffective for failing to request the dismissal of the indictment due to pretrial delay. The Speedy Trial Act, codified at 18 U.S.C. § 3161 et. seq., provides that a federal criminal defendant's trial must commence within seventy days of the filing date of the information or indictment, or of the defendant's initial appearance, whichever comes later. 18 U.S.C. § 3161(c). The Act, however, contains a long list of periods of delay that are to be excluded in computing the time within which a trial must commence. These exclusions work to stop the clock. Section 3161(h)(1) of the Act specifically provides for the exclusion of the following pertinent periods of delay in computing the time within which the trial must commence:

> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> (G) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government;
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay

> resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

Title 18 U.S.C. § 3161(h).

If the government fails to comply with the Speedy Trial Act, the indictment shall be dismissed on the motion of the defendant. Title 18 U.S.C. § 3162(2). In determining whether to dismiss a case with or without prejudice the court shall consider (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a re-prosecution on the administration of the Speedy Trial Act and on the administration of justice. *Id*.

Lawson does not specify how the alleged Speedy Trial Act violation occurred in his case, as he has failed to identify the specific periods he presumably claims are not excluded either by order of the Court or by virtue of his own or defense counsel's actions from the seventy day requirement. Lawson is unable to make any such argument because, as a review of his case reveals, there was no violation of the Act.

The sealed indictment in this case was filed on September 15, 2004 (Criminal Court File No. 2), and Lawson was arrested and arraigned on September 17, 2004 (Criminal Court File No. 3). Thus, pursuant to § 3161(c) which provides the trial must commence within seventy days of the filing date of the information or indictment, or of the defendant's initial appearance, whichever comes later, the clock began to run on September 17, 2004. However, pursuant to § 3161(h)(1)(D), which provides for the exclusion of delay resulting from any pretrial motion (from filing through conclusion), it stopped on September 23, 2004, when counsel moved to withdraw because the

Federal Defender had represented an individual with interests adverse to Lawson in the criminal matter (Criminal Court File No. 8). At this point, seven days had elapsed from the arraignment to defense counsel's filing of the motion to withdraw.

On September 28, 2004, counsel was relieved and another attorney was substituted as court appointed counsel for Lawson (Criminal Court File No. 10). Therefore, under the Speedy Trial Act, the six days from September 23-28, 2004, were excluded while Lawson's motion was pending, but the clock resumed on September 29, 2004, after new counsel was appointed, only to be stopped again on October 21, 2004, when motions were filed on Lawson's behalf to continue the deadlines and amend the scheduling order (Criminal Court File No. 13) and to suppress evidence (Criminal Court File No. 18). Adding the twenty-three days that ran from the time counsel was appointed until he filed motions on Lawson's behalf, to the previously run seven days, only a total of thirty days had elapsed on the seventy day Speedy Trial clock.

On November 4, 2004, the Court granted an end of justice continuance of the trial and other deadlines previously established by the Court "[b]ecause of late receipt of discovery from the United States Attorney's office, failure to grant a continuance would deny defendant Lawson's attorney reasonable time for effective preparation, taking into consideration due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv)." (Criminal Court File No. 21). The Court scheduled an evidentiary hearing on the suppression motion for November 23, 2004, and set the trial for January 13, 2005 (Criminal Court File No. 21). The Court denied Lawson's motion to suppress on December 1, 2004 (Criminal Court File No. 29). The time from the filing of motions on Lawson's behalf on October 21, 2004, until the denial of the suppression motion, on December 1, 2004, is fully excludable under the

Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A).

Therefore, the Speedy Trial clock resumed again on December 2, 2004, after the Court resolved Lawson's suppression motion. Lawson filed a notice of intent to plead guilty on December 29, 2004, and entered his guilty plea on January 6, 2005 (Criminal Court File Nos. 31 & 33). Adding those thirty-seven days (from the date the Court denied the suppression motion until Lawson entered his guilty pleas) to the previously run thirty days, the Speedy Trial clock stopped on day sixty-seven, three days shy of the seventy-day deadline, when Lawson entered his guilty plea. Consequently, there was no Speedy Trial Act violation.

In sum, pursuant to the Act, excluding the time within which pre-trial motions were pending and excludable delay at his request, Lawson pleaded guilty less than 70 days from the date of his arraignment in the instant case. Accordingly, Lawson is unable to demonstrate counsel's performance was defective for failing to request his case be dismissed on the basis of the Speedy Trial Act because no Speedy Trial Act violation occurred; this claim will be **DENIED**

### D. *Failure to Argue the Search Warrant was Ambiguous*

Lawson claims counsel was constitutionally deficient because he failed to argue the search warrant was "ambiguous" (Court File No. 55). Specifically, Lawson asserts the warrant did not authorize the search of the air vent where the gun was found. This argument is without merit.

Lawson does not point to the language which he alleges is ambiguous. "Where a warrant is open to more than one interpretation, the warrant is ambiguous and invalid on its face and, therefore, cannot be legally executed by a person who knows the warrant to be ambiguous." *Jones v. Whilhelm*, 425 F.3d 455, 463 (7th Cir. 2005). There is no ambiguity in this warrant as it clearly

12

identified both Lawson's residence as the place to be searched and the items of property that had been stolen and that were the subject of the search.

Lawson's trial counsel filed a motion to suppress, claiming *inter alia*, that the warrant on its face was overly broad in the description of items to be searched for and seized. This Court concluded, *inter alia*, that the search warrant along with the affidavit which was specifically incorporated by reference satisfied the particularity requirement of the Fourth Amendment and denied the suppression motion (Criminal Court File No. 29). In his direct appeal, Lawson unsuccessfully argued this court erroneously denied his motion to suppress evidence. The Sixth Circuit concluded "the purpose of the particularity requirement was fulfilled–the officers knew the permissible parameters of the search. *See United States v. Gahagan*, 865 F.2d 1490, 1497-98 (6th Cir. 1989) (holding that a supporting affidavit could cure an overly broad warrant even though the affidavit was not attached to the warrant because the affidavit was available to the officers during the search)." *United States v. Lawson*, 2006 WL 1538889, at * 3 (6th Cir. June 5, 2006)(Criminal Court File No. 44, p. 7).

Here, the affidavit listed "the following as stolen property believed to be in Lawson's home: a roll of carpet, white bookshelves, 'gray colored carpet, ten kitchen cabinets, white kitchen sink, delta faucet, three foot fluorescent light and a range hood.'" (Criminal Court File No. 29, p. 6). Moreover, the warrant authorized the search of Lawson's residence, outbuildings, and vehicles, which necessarily included the area of Lawson's residence where these stolen items could be located. Thus, there was no ambiguity.[3]

---

[3] In addition, to the extent Lawson claims the warrant did not authorize the search of the air vent where the weapon was discoverd, he is mistaken. One of the items for which the police were searching was a three-foot fluorescent light. The firearm which was discovered in

Accordingly, Lawson is not entitled to any relief on this claim as there is no ambiguity in the search warrant and incorporated affidavit.

**2. Summary**

None of Lawson's alleged instance of ineffective assistance of counsel satisfy the *Strickland* standards applicable to his claims, thus they are without merit. Accordingly, relief is **DENIED** on each claim.

**V. Conclusion**

For the reasons set forth above, the Court concludes Lawson is not entitled to any relief under 28 U.S.C. § 2255 as his conviction and sentence are not in violation of the Constitution or laws of

the United States. A separate judgment will enter **DENYING** Lawson's § 2255 motion (Criminal Court File Nos. 52 & 55).

An appropriate judgment will enter.

　　　　　　　　　　　　　　　　*/s/ R. Allan Edgar*
　　　　　　　　　　　　　　　　R. ALLAN EDGAR
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

the air vent was a Mossberg 12 gauge shotgun. The fluorescent light and shotgun are of a similar size. The police were permitted to search for the light bulb in any place where an item of that size could be hidden, such as in an air conditioning vent, which is where the similarly sized shotgun was located, or hidden in a wall, which is where they found approximately one pound of marijuana.